UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT CHARLES PALMER**<br>    **LA. DOC #272581**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-2035**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **JAMES LeBLANC, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Charles Palmer, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 30, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). When he filed this suit he was confined at the Caldwell Corrections Center (CCC) and he complained about conditions and circumstances at that facility as well as at the Madison Parish Detention Center (MPDC). He is now incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. Plaintiff sued LDOC Secretary James LeBlanc, Madison Parish Sheriff Larry Cox, MPDC Warden Laura Shivers, Antonio Johnson, Captain Washington, Dr. T.A. Neumann, Sgt. Freddie Brooks, Warden Chris Frederick and Sheriff Steve May and prayed for $5 million in compensatory damages an order directing LDOC to force the "facilities to become in compliance with all laws." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

*Background*

Plaintiff was incarcerated at the MPDC on some unspecified date and he remained at that institution for a period of three months. He claimed he "... had no clothes nor does the facility issue any." He further claimed that he was denied "adequate medical care" but did not describe the medical condition complained of or the nature of the care that was allegedly denied. He complained that his grievances to the Warden and the LDOC were unanswered.

Three months later he was transferred to the CCC where he experienced "the same response" which he attributed to unspecified individuals' desire "to keep [him] quiet." He complained that he still has no clothes, that there are no educational programs available, and that he been "forced to see a doctor at CCC and charged for it."

As noted above, he filed his complaint on July 30, 2012. On September 28, 2012, he was ordered to amend his complaint to provide factual support for his conclusory allegations. The amend order also noted that court records strongly suggest that plaintiff has acquired 2 "strikes" under the provisions of 28 U.S.C. §1915. Plaintiff was given 30 days within which to comply with this order, or, until October 29, 2012. [Doc. 5]On October 22, 2012 the amend order, which had been mailed to plaintiff's last address was returned as undeliverable with the notation that he had been transferred or released. [Doc. 6] On December 13, 2012, he notified the court of his present whereabouts and the Clerk of Court mailed another copy of the September 28, 2012, amend order. [Doc. 7] More than 30 days have elapsed and plaintiff has not yet complied with that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims on motion of the

defendant "If the plaintiff fails to prosecute or to comply with these rules or a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).[1] Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1]The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a court order directing him to amend his complaint; he allowed almost two months to elapse before advising the court of his whereabouts. Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action given that he has failed to respond.

to file specific, written objections with the Clerk of Court.[2] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, January 31, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] **IN THE EVENT THAT PLAINTIFF OBJECTS TO THIS RECOMMENDATION, HE SHOULD INCLUDE, ALONG WITH HIS OBJECTION, A FULL AND COMPLETE RESPONSE TO THE MEMORANDUM ORDER OF SEPTEMBER 28, 2012. [DOC. 5]**